[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11868
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-00080-JRH-WLB,
Bkcy No. 09-11145

In re:

      KANDACE ZUMBRO,

                                    Debtor.

_____

THE EDUCATION RESOURCES INSTITUTE, INC.,

                                  Plaintiff-Appellant,

versus

KANDACE ZUMBRO,

                                  Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(October 3, 2013)

Before PRYOR, JORDAN, and COX, Circuit Judges.

PER CURIAM:

The issues in this appeal involve the dischargeability of student loans co-signed by Kandace Zumbro.  The Education Resources Institute, Inc. (which had guaranteed the loans) appeals the district court's order affirming the bankruptcy court's order finding those loans dischargeable.  We affirm.

While married to Jerry J. Lee, Jr., Kandace Zumbro co-signed three promissory notes, along with Lee and his father, to obtain loans for Lee's medical education.  Despite receiving his medical education, and completing his residency in 1996, Lee only practiced medicine for a few years and ultimately surrendered his medical license in 2003.  Two years later, in 2005, Lee was arrested for molesting his nine-year-old daughter.  He has been incarcerated ever since, and that same year, Zumbro filed for divorce.

Zumbro's obligation under two of the promissory notes became fully due in 2006, while her obligation under the third promissory note does not become fully due until 2016.  Lee's student loan debt was not the only debt Zumbro incurred because of her marriage to Lee.  Lee lived a lavish lifestyle and incurred large consumer debts as well.  After Lee's incarceration, Zumbro filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code in an effort to discharge these debts.  As part of her larger effort to restructure her finances, Zumbro also

2

filed a complaint seeking to discharge her liability on Lee's student loan debt. The bankruptcy court initially found the student loan debt to be non-dischargeable. Later, though, it reversed its prior ruling and discharged the debt because previously it had mistakenly assumed that Zumbro could restructure and refinance the debt under 34 C.F.R. § 685.208. On appeal to the district court, the court affirmed the bankruptcy court's order discharging the student loan debt.

The Education Resources Institute, Inc. ("Institute") presents four issues on appeal. First, the Institute contends that Zumbro did not prove by a preponderance of the evidence each of the three prongs of the *Brunner* test required for a showing of undue hardship. Second, the Institute contends that the inapplicability of 34 C.F.R. § 685.208 does not override the evidence underpinning the bankruptcy court's initial order finding the student loan debt to be non-dischargeable.[1] Third, it contends that the bankruptcy court erred in reconsidering and reversing its earlier order finding the loans to be non-dischargeable. Finally, it contends that the district court erred in affirming the bankruptcy court's order. Zumbro's response is that the court was correct in finding the student loan debt dischargeable and that she did carry her burden to show that repaying the loans would constitute an undue hardship by proving, by a preponderance of the evidence, each prong of the

---

[1] While the Institute raises this as a separate issue on appeal, the effect of the applicability of 34 C.F.R. § 685.208 goes to whether Zumbro carried her burden under the second prong of the *Brunner* analysis. The district court correctly analyzed it in this manner.

*Brunner* test.  She also maintains that the inapplicability of 34 C.F.R. § 685.208 does change the analysis under *Brunner* and that its inapplicability supported the bankruptcy court's order reversing its prior ruling.  Because the bankruptcy court incorrectly believed, when issuing its first order, that Zumbro was eligible to restructure her student loan debt under 34 C.F.R. § 685.208, it found that Zumbro had not satisfied her burden that she met the second prong of the *Brunner* test: that her current state of affairs was likely to persist for a significant portion of the repayment period.  34 C.F.R. § 685.208 allows *borrowers* of certain *government* issued student loans to restructure their payments for up to a thirty year period. *See* 34 C.F.R. § 685.208 (emphasis added).  However, upon Zumbro's petition for reconsideration, the bankruptcy court reversed its position because Zumbro's loans were not government-issued and Lee, not Zumbro, was the borrower, thus rendering Zumbro ineligible for the extended loan repayment period under 34 C.F.R. § 685.208.  For that reason, Zumbro contends that the bankruptcy court did not err in reversing its previous order and that the district court did not err in affirming the reversal.

We employ the same standard of review as the district court when reviewing bankruptcy court decisions that have already been appealed to the district court. *In re New Power Co.*, 438 F.3d 1113, 1117 (11th Cir. 2006) (citing *In re Optical Techs, Inc.*, 425 F.3d 1294, 1299-1300 (11th Cir. 2005)).  Legal conclusions by

4

either the bankruptcy court or the district court are reviewed de novo. *In re Fin. Federated Title & Trust, Inc.*, 309 F.3d 1325, 1328-29 (11th Cir. 2002) (citing *Capital Factors, Inc. v. Empire for Him, Inc. (In re Empire for Him, Inc.)*, 1 F.3d 1156, 1159 (11th Cir. 1993). The bankruptcy court's findings of fact are reviewed for clear error. *Id.* (citing *Rush v. JLJ, Inc. (In re JLJ, Inc.)*, 988 F.2d 1112, 1116 (11th Cir. 1993)).

In upholding the bankruptcy court's order discharging the student loan debt, the district court addressed, and rejected, each of the Institute's contentions on this appeal. We conclude that each of the Institute's contentions was properly rejected for the reasons stated in the district court's order. (Dkt. 13 at 2, 6.) Accordingly, we affirm.

AFFIRMED.